Luther COOPER, on behalf of himself
and all others similarly situated,

v.

Thomas J. MESKILL, Governor of the
State of Connecticut, et al.

Civ. No. N–74–25.

United States District Court,
D. Connecticut.

June 3, 1974.

David M. Lesser, New Haven, Conn.,
for plaintiff.

Stephen J. O'Neill, Asst. Atty. Gen.,
Hartford, Conn., for defendants.

## MEMORANDUM OF DECISION

NEWMAN, District Judge.

This is a suit brought by an inmate of the Connecticut Correctional Institution at Cheshire, challenging on due process grounds the procedures used by the State to determine whether he is to receive compensation for injuries sustained in a shop accident. He seeks an order entitling him to an administrative hearing, and, in effect, is moving to enjoin the operation of the compensation statute, Conn.Gen.Stat. § 18–95, for lack of such a hearing. He therefore seeks a three-judge court under 28 U.S.C. § 2281. Cf. Kelly v. Wyman, 294 F.Supp. 893 (S.D.N.Y.1968), aff'd sub nom. Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

Because it appears that the state statute may be susceptible to construction that would avoid or modify the constitutional issue presented, thus making it appropriate to consider abstention to permit state court construction, see Harrison v. NAACP, 360 U.S. 167, 177, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959), the initial question for decision is whether such abstention can be ordered by a single judge in a case where decision on the merits of the constitutional claim requires a three-judge court.

There is authority in this Circuit that a single judge cannot exercise abstention discretion in a case within the purview of a three-judge court. Abele v. Markle, 452 F.2d 1121, 1125 (2d Cir. 1971). Accord, New York State Waterways Association, Inc. v. Diamond, 469 F.2d 419, 423 (2d Cir. 1972); Lido East Theatre Corporation v. Murphy, 337 F.Supp.

1345, 1349 (S.D.N.Y.1972); Atlee v. Laird, 339 F.Supp. 1347, 1350 (E.D.Pa. 1972); see also Bjarsch v. DiFalco, 300 F.Supp. 960, 968 (S.D.N.Y.1969); Note, The Three-Judge District Court: Scope and Procedure Under Section 2281, 77 Harv.L.Rev. 299, 309 (1963). Contra, Jarvis v. Brown, 347 F.Supp. 1214, 1216 (C.D.Cal.1972); Mandel v. Hutchinson, 336 F.Supp. 772, 777 (C.D.Cal.1971).

*Abele* relied on Idlewild Bon Voyage Liquor Corporation v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962), in which the Supreme Court held that the District Court Judge had erred in abstaining under the circumstances of that case. In *Idlewild,* however, the Court did not hold expressly that a single judge may not abstain whenever a case comes within the purview of § 2281. The grounds of reversal appear to have been the *reasons* given by the single judge for abstention, not his exercise of discretion *per se.* The "issues" that the District Judge had ruled in *Idlewild* should be "presented to or passed upon by the state courts" were apparently the *federal claims* of unconstitutionality, not matters of uncertainty or ambiguity in the state law challenged. Idlewild Bon Voyage Liquor Corporation v. Rohan, 188 F.Supp. 434, 436 (S.D.N. Y.1960). Abstention under these circumstances clearly ran afoul of the doctrine that "assertion of a federal claim in a federal court [need not] await an attempt to vindicate the same claim in a state court." McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963). This theory of *Idlewild* is supported by a footnote in the Supreme Court's opinion distinguishing the case from Chicago, Duluth & Georgian Bay Transit Company v. Nims, 252 F.2d 317 (6th Cir. 1958). In *Chicago, Duluth* the District Court stayed proceedings, despite the application for a three-judge court, pending construction of a Michigan tax statute by the Michigan Supreme Court in a case involving the same or similar issues. *Id.,* at 320. The Court of Appeals affirmed abstention by the single judge, and this opin-

ion was cited with approval by the Supreme Court in *Idlewild,* 370 U.S. at 715 n. 5.

Whether *Idlewild* should continue to be read to preclude one-judge abstention, even if such a reading was ever warranted, must now be reconsidered in light of the Supreme Court's recent decision in Hagans v. Lavine, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). In *Hagans* the Court specifically approved an expanded role for a single judge acting in a case that warranted convening of a three-judge court. The Court ruled that the single judge could defer convening the three-judge court and could decide a pendent statutory claim. In *Hagans* decision on the pendent claim in plaintiff's favor ultimately obviated the need to convene the three-judge court. This approach, which had been developed by lower courts, see Connecticut Union of Welfare Employees v. White, 55 F.R.D. 481, 485–486 (D.Conn. 1972); Doe v. Lavine, 347 F.Supp. 357, 359 (S.D.N.Y.1972); see also Bryant v. Carleson, 444 F.2d 353, 358–359 (9th Cir. 1971), runs counter to any supposed requirement of *Idlewild* that a single judge must immediately convene a three-judge court whenever a complaint meets the requirements of § 2281. If a one-judge court may properly decide a pendent statutory claim in a case that presents, in addition, a three-judge court issue, it is difficult to see why the one-judge court should not be able to abstain for a state court construction that might be equally as effective in obviating the need for ever convening the three-judge court.

Not only has *Hagans* cast doubt on the continued validity of the *Abele* abstention rule, but the Second Circuit itself, even before *Hagans,* disregarded *Abele* in Reilly v. Doyle, 483 F.2d 123 (2d Cir. 1973), when it affirmed abstention by a single judge in a case within "the purview of § 2281." *Reilly,* like *Abele,* involved abstention because of pending state court proceedings. See Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Samuels v.

Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L. Ed.2d 688 (1971). Abstention for this reason might well require some preliminary consideration of the merits of the constitutional claim to determine whether the case was closer to Younger v. Harris than Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). Thus, the need for three judges to consider abstention on *Younger* grounds seems greater than in cases like this one, where the decision to abstain for state court clarification of a statute requires no preliminary assessment of the merits of the constitutional claim. If a single judge could abstain in *Reilly* on *Younger* grounds, then, especially after *Hagans*, abstention by a single judge seems appropriate for state court construction.

Convening a three-judge court to consider abstention does not serve the principal concern that prompted passage of § 2281, to guard "against an improvident state-wide doom by a federal court of a state's legislative policy," Phillips v. United States, 312 U.S. 246, 251, 61 S. Ct. 480, 85 L.Ed. 800 (1941). See generally 1A Moore's Federal Practice ¶ 0.-205, at 2236–42 (2d ed. 1965). Indeed, to the extent that abstention maximizes a state's opportunity to interpret its own laws, the doctrine serves the same interests of comity underlying § 2281.

Of course the right to convene a three-judge court does not belong exclusively to the state, but to the plaintiff as well, and abstention by a single judge may unduly delay a hearing before the three-judge panel to the possible prejudice of a plaintiff's interests in some cases. Under the circumstances here, however, a delay does not threaten plaintiff with any serious harm. What is at stake is monetary compensation, not prevention of the threatened impairment of a protected civil liberty.

For these reasons, this Court concludes that abstention for state court construction can properly be considered by a one-judge court, at least in the circumstances of this case. For reasons

detailed in the balance of this opinion, which has been made available to counsel, the Court has concluded that abstention in this case is appropriate.