Elijah KARRIEM, Appellant,

v.

Jerome GRAY, et al., Appellees.

Nos. 91–CV–920 & 91–CV–1369.

District of Columbia Court of Appeals.

Argued Feb. 12, 1993.

Decided April 6, 1993.

Elijah Karriem, pro se.

Tom Donelson, for appellant.

Edward E. Schwab, Asst. Corp. Counsel, with whom John Payton, Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Lutz Alexander Prager, Asst. Deputy Corp. Counsel, were on the brief, for appellees.

Before ROGERS, Chief Judge, and TERRY and KING, Associate Judges.

ROGERS, Chief Judge:

Appellant Elijah Karriem appeals from the grant of summary judgment and the denial of his motions for a preliminary injunction and a cease and desist order. He also appeals from the denial of his motion

for a temporary restraining order. We affirm.

## I.

On April 16, 1991, the D.C. Department of Finance and Revenue served appellant with an administrative summons to produce all his business records, which he was required to keep pursuant to 24 DCMR § 508.1 (1988), for the past three years by May 1, 1991. A letter, accompanying the summons, explained the regulations. Appellant did not respond or present his records. As a result of his failure to provide the papers, the Department estimated his taxes and sent him a jeopardy assessment. *See* D.C.Code § 47–413 (Repl.1990). It was mailed by certified mail to appellant's home address, but it was not claimed. Pursuant to 24 DCMR § 508.3, appellant's sidewalk vending license was seized on August 7, 1991.

On August 8, 1991, appellant pro se filed a terse and conclusory complaint against Sergeant Jerome C. Gray of the Metropolitan Police Department, the D.C. Department of Consumer and Regulatory Affairs, and the District government seeking a declaratory judgment, injunctive relief, and money damages for violations of his constitutional rights. He also filed a motion for a temporary restraining order, which was denied the following day by Judge Christian. The defendants filed a motion to dismiss the complaint or, in the alternative, for summary judgment. In its motion for summary judgment, the District conceded that the letter, accompanying the subpoena, had "erroneously cited 24 DCMR § 502.2 instead of 24 DCMR § 508.4 as authority for retaining plaintiff's license," but argued that it had complied with the regulations in seizing appellant's license and was entitled to judgment.[1]

Appellant did not file a pleading labeled an opposition to the motion to dismiss or for summary judgment. However, he filed a memorandum in which he recited other alleged actions by the defendants of which he complains, and he asserted that the seizure of his license was part of a pattern of illegal and unconstitutional activity by the defendants.[2] The trial judge granted the

---

**1.** The letter stated: "[p]ursuant to District of Columbia Municipal Regulation Section 502.2, you may not vend during the period while your license is seized."

  24 DCMR § 502.2 provides that:

  No person shall vend any article, merchandise, or food from public space in the District of Columbia without first having obtained from the Mayor a license to do so, except as provided by § 502.3.

  24 DCMR § 508.4 provides that:

  A license seized pursuant to this section shall be returned by the Mayor when the vendor submits the records and the receipts required by this section.

  Even if the government should have cited § 508.4, any mistake was not material because the text of the letter clearly explained appellant's position and what he had to do to get his license back. *See Mannan v. District of Columbia Board of Medicine,* 558 A.2d 329, 333–34 (D.C.1989). Appellant received adequate notice, and he has failed to demonstrate that he was not properly served. His reliance on Super.Ct.Civ.R. 4(a) and *Leichtman v. Koons,* 527 A.2d 745 (D.C.1987), interpreting requirements of Maryland law, is misplaced.

**2.** In the "memorandum to fully inform defendant[s] of their illegal actions," appellant asserted that the defendants had used their authority to make illegal arrests, to harass and intimidate appellant, to wrongfully cite him for vending violations, and to discriminate against him because he is a Black vendor. He also alleged that Officer Gray had used his authority to relocate appellant so that Gray's girlfriend could have appellant's vending location.

  Further, appellant alleged that on September 8 and 18, 1989, the defendants had illegally arrested him because of an illegal parking sign that the District had put in place to create a cause to arrest him; they had also illegally put out an order preventing vendors from "setting up their stands or carts on the east side of the 2400 block of 6th Street N.W.," thereby preventing appellant from selling his wares. He maintained that, despite the fact that many of the false citations he had received had been dismissed, the defendants continued to harass him by giving him more citations.

  Appellant sought an order to enjoin the defendants from the stated acts, $300,000 in compensatory and punitive damages, and a jury trial.

  At oral argument in the instant appeals, counsel for appellant advised that separate appeals filed by appellant are pending before this court involving these separate incidents. Our review of the court's docket indicates that there is only one pending appeal: No. 92–CV–200, involving appellant's claim that he was falsely imprisoned due to his arrest for violating a parking sign, which he alleged was illegally placed to trap him. Another case, *Karriem v. John Doe,* No.

defendants' motion for summary judgment as unopposed, and denied appellant's motions for a preliminary injunction and a cease and desist order as moot.

## II.

Consistent with our standard of review of the grant of summary judgment, *see Holland v. Hannan,* 456 A.2d 807, 814 (D.C.1983), we find no error in the grant of summary judgment to appellees. *See Clay Properties, Inc. v. Washington Post Co.,* 604 A.2d 890, 893 (D.C.1992) (en banc) (quoting *Nader v. de Toledano,* 408 A.2d 31, 42 (D.C.1979), *cert. denied,* 444 U.S. 1078, 100 S.Ct. 1028, 62 L.Ed.2d 761 (1980)).

■ Appellant has failed to show that appellees are not entitled to judgment as a matter of law.[3] Viewing his memorandum, *see* note 2, *supra,* as being in the nature of a statement filed pursuant to Super.Ct.Civ.R. 12–I(k), *see Johnson–El v. District of Columbia,* 579 A.2d 163, 166 (D.C.1990) (pro se complaints construed liberally, especially in suits brought under 42 U.S.C. § 1983) (citing *Rubin v. O'Koren,* 621 F.2d 114, 117 (5th Cir.1980)), we conclude that the memorandum is inadequate. It contains assertions without indicated record support, and it fails to address the critical facts, which remain undisputed, namely, that appellant failed to produce his vending records in response to an administrative subpoena requesting him to do so,

and that his license was thereafter seized. While appellant's memorandum elaborates on his terse and conclusory complaint to allege "a pattern of illegal arrests based on a rule or regulation that [the defendants] illegally put up for the purpose and with the intent of illegally arresting the plaintiff," it is clear that appellant is referring to other incidents unrelated to his failure to submit his business records and cannot prevail with regard to the circumstances surrounding the seizure of his license.

■ The issue of whether the District should return the vendor's license which was seized from appellant on August 7, 1991, is, as the government concedes, no longer in this appeal. That issue has been finally decided by the District of Columbia Board of Appeals and Review.[4] *See Rhema Christian Ctr. v. Board of Zoning Adj.,* 515 A.2d 189, 193 (D.C.1986) (collateral estoppel); RESTATEMENT (SECOND) OF JUDGMENTS 26(1)(c) (1982). However, because no issue of fact was actually litigated before the Board of Appeals and Review, and its decision was not on the merits, the District's defense to the remaining issues is not precluded. RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982); *see also Henderson v. Snider Bros., Inc.,* 409 A.2d 1083, 1087–88 (D.C.1979).[5]

■ Appellant has failed to show that the District government lacked the authority to enact the regulations at issue. *See*

---

91–CV–897, was dismissed on September 16, 1991, on procedural grounds. In a third case, *Karriem v. District of Columbia,* No. 91–CV–9, appellant's application for allowance of an appeal from a hearing commissioner's decision was denied without prejudice on March 10, 1992, subject to appellant seeking the requisite review in the trial court and then seeking review of the trial judge's decision in this court.

3. Appellant has not designated the transcript of the proceedings in the trial court as part of the record on appeal. This was his responsibility, *Cobb v. Standard Drug Co.,* 453 A.2d 110, 111–12 (D.C.1982), and this court is constrained by the record before it. Furthermore, nowhere in the record before us is there any indication that appellant had, in fact, fully paid the sales taxes that the District was claiming he owed.

4. The regulations afforded appellant the right to appeal the seizure of his license to the Board of Appeals and Review, which he did. *See* 24

DCMR §§ 509.1(e), 509.3. The District represents, in a response to this court's order of November 16, 1992, that after the D.C. Department of Consumer and Regulatory Affairs failed to appear at the administrative hearing, the Board of Appeals and Review issued a default order on June 19, 1992, ordering the department to return appellant's street vending license to him. Further, the District represents that on August 18, 1992, the Board denied the department's motion for reconsideration, on the ground of lack of notice of the hearing, because the motion was not accompanied by an affidavit or other evidence.

5. *See also* C. WRIGHT, A. MILLER, & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 2702 (1983) (strong policies against default judgments against the United States government).

*generally* Title II of the D.C. Self–Government and Governmental Reorganization Act of 1973, 1 D.C.Code. 173ff (Repl.1989). D.C.Code § 47–2834(a) provides that street vendors are required to have a license in order to sell their goods. D.C.Code § 47–2834(b) provides that the Mayor must enforce regulations to govern the street vendors. These regulations, adopted by the Council of the District of Columbia, now appear in 24 DCMR Chapter 5 (1988). The regulations relevant here were enacted as Titles 5 and 6 of the D.C. Revenue Act of 1984, D.C.Law 5–113, 31 D.C.Reg. 3974 (Aug. 10, 1984). Under the regulations enacted by the D.C. Council, not only must vendors keep records of sales and receipts of sales available for inspection, but the failure to keep them will result in seizure of the vendor's license. *See* 24 DCMR §§ 508.1, 508.3.

■ Appellant has also failed to show with regard to the seizure of his vendor's license that the law authorizing the seizure of his license was enforced in a way that unfairly singled him out or otherwise discriminated against him. *See Streetman v. Jordan,* 918 F.2d 555, 557 (5th Cir.1990) (allegation of discrimination: qualified immunity where police entered private home pursuant to a facially valid search warrant; a plaintiff must assert specific "facts supporting of his *actionable* claims," not conclusory assertions); *Reilly v. Doyle,* 483 F.2d 123, 128 (2d Cir.1973) (same: police have qualified privilege when acting pursuant to laws and regulations that a plaintiff must overcome with specific facts to show that the plaintiff has been singled out).

■ Finally, to the extent that appellant sought injunctive relief, he failed to meet his burden of proof. *See In re Antioch University,* 418 A.2d 105, 109 (D.C.1980). The essence of appellant's allegations is that he was being prevented, unlawfully, by appellees from selling his goods. Because this harm could, conceivably, be cured by a monetary payment an injunction is not needed to avoid irreparable harm to appellant. *See id.* at 109–10. For reasons set forth in this opinion, appellant has not shown the likelihood of his success on the merits. *Id.* at 110–11. Nothing in the record before us shows that appellant has paid the sales taxes that are due, and his reference to payment of a bond, *see* 24 DCMR § 524.7, is irrelevant to the requirements at issue. Consequently, the balance of equities do not favor appellant, and the public interest—to collect sales taxes from street vendors—would not be served by granting injunctive relief. *See In re Antioch University, supra,* 418 A.2d at 113.

In sum, appellant has failed to show that the District's "recordkeeping requirements which [he is] challenging are invalid." *See Washington v. Confederated Tribes,* 447 U.S. 134, 160, 100 S.Ct. 2069, 2084, 65 L.Ed.2d 10 (1980). Nor has he shown that D.C.Code § 47–2834 (sales on streets or public places, need for license) applies, as he asserts, only to "criminal activists who would evade paying taxes and dispose of the money or other assets before the government would seize them," and not to vendors' licenses. Consequently, because the District officials acted pursuant to law to collect sales taxes, appellant has failed to show a violation of his civil rights as a result of the notice and seizure of his vendor's license on August 7, 1991. *See Fee v. Herndon,* 900 F.2d 804, 807, 809 (5th Cir. 1990), *cert. denied,* 498 U.S. 908, 111 S.Ct. 279, 112 L.Ed.2d 233 (1990); *Reilly v. Doyle, supra,* 483 F.2d at 128. Finally, he has not shown that he was entitled to injunctive relief.

Accordingly, we affirm the grant of summary judgment, the order denying the motions for a preliminary injunction and a cease and desist order, and the denial of the motion for a temporary restraining order.