[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS #101
The plaintiff a bail bondsmen filed a three count complaint against George Rieder in his official capacity as Commissioner of the Connecticut Insurance Department (hereinafter "Commissioner"). and Patsy Papandrea in his official capacity as Director of Licensing for the Connecticut Insurance Department (hereinafter "Papandrea"). In count one of his complaint the plaintiff alleges that his bail license was suspended by the Commissioner without notice to him and without the opportunity of a prior hearing all in violation of General Statutes §§ 4-182 (c) 38a-774 and that his requested re-instatement was denied by the Commissioner. In count two he alleges that the Commissioner's conduct violated the due process clauses of both the 14th Amendment of the United States Constitution
and Article First. Section 8 of the Connecticut Constitution, and in count three, the plaintiff charges that the defendant, Papandrea improperly revoked his license as alleged in count one and in addition that he acted wantonly recklessly and maliciously by refusing to re-instate his license.
The defendants have filed this motion to dismiss the plaintiff's entire complaint, claiming a lack of subject matter jurisdiction. As to the first count the defendant claims that: (1) that the plaintiff failed to exhaust his administrative remedies under Connecticut General Statutes § 4-183; (2) that even if the court considered this proceeding an administrative appeal it would be untimely since it was not brought within 45 days of the mailing of the agency decision; and (3) this venue is improper. As to counts two CT Page 1654 and three the defendants claim that (1) the state is protected by sovereign immunity; and (2) the plaintiff failed to exhaust his administrative remedies by first filing a claim with the State Claims Commissioner.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted) Sadloski v. Manchester, 235 Conn. 637,645-46 n. 13, 668 A.2d 1314 (1995) quoting Practice Book § 143. "A motion to dismiss . . . properly attacks the jurisdiction of the court essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court" (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531,544, 590 A.2d 914 (1991); Third Taxing District of Norwalk v.Lyons, 35 Conn. App. 795, 803, 647 A.2d 32, cert. denied,231 Conn. 936, 650 A.2d 173 (1994). "A motion to dismiss tests. inter alia, whether, on the face of the record the court is without jurisdiction" Upson v State, 190 Conn. 622, 624,461 A.2d 991 (1983). "[A] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action" Pratt v. Town of OldSaybrook, 225 Conn. 177, 185, 621 A.2d 1322 (1993).
First, the plaintiff alleges that the actions of the Insurance Commissioner in suspending his license without notice or an opportunity to be heard is a violation of General Statutes §§ 4-182 38a-774. Section 38a-774 specifically states that "[a]ny person aggrieved by the action of the commissioner in revoking suspending or refusing to grant or reissue a license or imposing a fine may appeal therefrom in accordance with the provisions of section 4-183, except venue for such appeal shall be in the judicial district of Hartford-New Britain. . . ." General Statutes §38a-774(c). General Statutes § 4-183 reads in pertinent part that "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section. . . ." General Statutes § 4-183(a) Section 4-183 then goes on to specify, inter alia that "[w]ithin forty-five days after mailing of the final decision under section 4-180 or, if there is no mailing within forty-five days after personal delivery of the final decision under said section a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at CT Page 1655 its office or at the office of the attorney general in Hartford and file the appeal with the clerk of the superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the person appealing resides . . ." General Statutes § 4-183(c).
Read together, these statutes make it clear that a person must exhaust all administrative remedies available to them prior to appealing to the superior court. Furthermore the appropriate time frame for such an appeal is within 45 days after the delivery of the final decision from the agency in question. In the present case the plaintiff alleges that he requested re-instatement of his insurance license from the Commissioner once he found out that his license had been revoked, but that his request was denied. Even were the court to determine that the plaintiff's actions as described above constituted exhaustion of all the administrative remedies available to him and even if the court were to find that the present action was an appropriate appeal the court would still lack subject matter jurisdiction as the plaintiff failed to bring this action within 45 days after the delivery of the final decision from the agency in question.[1] See General Statutes § 4-183 (c). The failure of a party to file an administrative appeal under the Uniform Administrative Procedure Act within the forty-five days required by § 4-183 (c) deprives the trial court of subject matter jurisdiction over the appeal. Ann Howard'sApricots Restaurant v. CHRO, 237 Conn. 209, 220,676 A.2d 844 (1996) citing Glastonbury Volunteer Ambulance Assn, Inc.v. Freedom of Information Commission, 227 Conn. 848, 854,633 A.2d 305 (1993). For these reasons the defendant's motion to dismiss count one of the plaintiff's complaint is granted.[2]
Regarding with regards to count two of the complaint the defendant claims that it has sovereign immunity and that the plaintiff failed to exhaust his administrative remedies available through the State Claims Commissioner. Our Supreme Court has stated many times that "the doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." FederalDeposit Ins. Corp. v Peabody N.E., Inc., 239 Conn. 93, 99,680 A.2d 1321 (1996) quoting Amore v. Frankel, 228 Conn. 358,364, 636 A.2d 786 (1994).
Generally the state may not be sued without its consentLaCasse v. Burns, 214 Conn. 464, 468, 572 A.2d 357 (1990); CT Page 1656LeMoine v. McCann, 40 Conn. App. 460, 462, 623 A.2d 115, cert. denied, 237 Conn. 904, 674 A.2d 1330 (1996). "[S]ince the state can act only through its officers and agents a suit against a state officer is in effect one against the sovereign state." White v. Burns, 213 Conn. 307, 312, 567 A.2d 1195
(1990); LeMoine v. McCann, supra 40 Conn. App. 463. Through appropriate legislation the General Assembly may "waive the state's sovereign immunity from suits and authorize suits against the state" White v. Burns, supra. 213 Conn. 307.
In the present case the plaintiff cites no statutory authority that allows him to sue the state or its officials for monetary damages. There are, however, two recognized exceptions to the defense of sovereign immunity. These exceptions are: (1) action by state officials pursuant to an unconstitutional statute; and (2) action by state officers in excess of their statutory authority. See Antinerella v. Rioux,229 Conn. 479 642 A.2d 699 (1994); Unisys Corporation v.Department of Labor, 220 Conn. 689 600 A.2d 1019 (1991): Savagev. Aronson, 214 Conn. 256, 264, 571 A.2d 696 (1990); Sentnerv. Board of Trustees, 184 Conn. 339. 439 A.2d 1033 (1981);Horton v. Meskill, 172 Conn. 615, 376 A.2d 359 (1977).
The plaintiff has alleged that his license was suspended by the Commissioner without prior notice and without a prior hearing. in violation of Connecticut General Statutes §§ 4-182
(c) 38a-774, the due process clauses of both the14th Amendment of the United States Constitution and Article First, Section 8 of the Connecticut Constitution. The court will not decide whether these claims constitute an exception to the doctrine of sovereign immunity as "[n]o determination of whether a constitutional necessity exists that would supersede the state's sovereign immunity can be made when the alternative procedure available through the claims commissioner which might have provided the relief sought, has been ignored." Barde v. Board of Trustees, 207 Conn. 59,66, 539 A.2d 1000 (1988).
"[T]he claims commissioner is authorized by statute to hear monetary claims against the state and determine whether the claimant has a cognizable claim." Krozer v. New Haven,212 Conn. 415, 421, 562 A.2d 1080 (1989), cert. denied sub nom.,Krozer v. Connecticut, 493 U.S. 1036, 110 S.Ct. 757
(1990). General Statutes §§ 4-141 through 4-165b
"creates the office of claims commissioner and establishes the CT Page 1657 procedure for redressing claims arising from the actions of the state and its officers and employees." Spinello v.State, 12 Conn. App. 449, 453, 531 A.2d 167 (1987).
"[W]hen an adequate administrative remedy is provided by law it should be exhausted." Savage v. Aronson, supra,214 Conn. 266; Sullivan v. State, 189 Conn. 550, 553, 457 A.2d 304
(1980); Town of Haddam v. LaPointe, 42 Conn. App. 631,636, 680 A.2d 1010 (1996). This rule applies where the administrative remedy lies with the claims commissioner.Sullivan v. State, supra, 189 Conn. 554. Even claims of constitutional violations are not always an exception to the general requirement of exhaustion. Doe v. Heintz, 204 Conn. 17,34, 526 A.2d 1318 (1987); Sullivan v. State, supra189 Conn. 554. "Simply bringing a constitutional challenge to an agency's actions will not necessarily excuse a failure to follow an available statutory appeal process. Direct adjudication even of constitutional claims is not warranted when the relief sought by a litigant might conceivably have been obtained through an alternative statutory procedure which the litigant has chosen to ignore." (Citations omitted; internal quotation marks omitted) Pet v. Department of Health Services, 207 Conn. 346,354, 542 A.2d 672 (1988).
In the present case the plaintiff makes no assertion that he made an attempt to file a claim with the claims commissioner as required by §§ 4-141 to 4-165 (b). Where a party fails to pursue the administrative remedy provided in General Statutes §§ 4-141 to 4-165b when such procedure may have provided the relief sought; Barde v. Board of Trustees, supra, 207 Conn. 66, his claim should be dismissed therefore the defendant's motion to dismiss count two of the plaintiff's complaint is be granted.
Finally, the defendant claims that the third count against the defendant Papandrea, the director of licensing of the Connecticut Insurance Department, should also fail on the basis of sovereign immunity and the plaintiff's failure to exhaust his administrative remedies. The defenses of sovereign immunity and failure to exhaust administrative remedies are equally applicable to the defendant Papandrea as they are to the defendant Rieder, the Insurance Commissioner, for the same reasons as set forth above therefore the court shall also grant the defendants motion to dismiss the third count
The defendants Motion to Dismiss #101 is granted. CT Page 1658
PELLEGRINO, J.