21-2124-cv
*Smulley v. Safeco Insurance Company of Illinois*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand twenty-two.

PRESENT:   JOSÉ A. CABRANES,
                    BARRINGTON D. PARKER,
                    STEVEN J. MENASHI,
                                *Circuit Judges.*

_____

DOROTHY A. SMULLEY,

                    *Plaintiff-Appellant,*                                    21-2124-cv

                    v.

SAFECO INSURANCE COMPANY OF ILLINOIS, and CCC INFORMATION SERVICES, INC. AKA CCC INTELLIGENT SOLUTIONS HOLDINGS INC.,

                    *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**          Dorothy A. Smulley, *pro se*, Stratford, CT.

**FOR DEFENDANT-APPELLEE SAFECO**     Philip T. Newbury, Jr., Howd & Ludorf,
**INSURANCE COMPNAY OF ILLINOIS:**    LLC, Hartford, CT.

**FOR DEFENDANT-APPELLEE CCC**        Brian Borchard, Timothy B. Hardwicke,
**INTELLIGENT SOLUTIONS INC.:**       GoodSmith Gregg & Unruh LLP,
                                      Chicago, IL.

Appeal from an August 3, 2021 order and judgment of the United States District Court for the District of Connecticut (Jeffrey A. Meyer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the District Court be and hereby is **AFFIRMED**.

Appellant Dorothy Smulley, proceeding *pro se*, sued Safeco Insurance Company of Illinois ("Safeco"), an auto insurance company, and CCC Intelligent Solutions Inc. ("CCC"), a software provider, alleging they violated Connecticut state law while assessing her car after an accident. Smulley appeals the District Court's judgment dismissing her complaint for lack of subject matter jurisdiction and its order denying her recusal motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.    Diversity jurisdiction

Faced with the dismissal of a complaint for lack of subject matter jurisdiction, we review legal conclusions *de novo* and factual findings for clear error, accept all material facts alleged in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *See Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012).

Subject matter jurisdiction requires either diversity jurisdiction or federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Smulley has established neither. Diversity jurisdiction requires both diverse citizenship of the parties—which neither side contests is true here—and a "reasonable probability" that the amount in controversy exceeds $75,000. *Moore v. Betit*, 511 F.2d 1004, 1006 (2d Cir. 1975); *see* 28 U.S.C. § 1332. We measure the amount in controversy associated with a claim for declaratory relief "by the value of the object of the litigation." *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). Here, the object of the litigation is Smulley's car, which is allegedly valued at less than $8,000.

We measure compensatory damages by the "concrete" value lost because of the defendant's alleged wrongful conduct. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003). Smulley purchased and insured a replacement car because of Defendants' alleged wrongful conduct. But the concrete value of the replacement car and its insurance would not approach $75,000 because her original car is worth less than $8,000. Thus, the combined values associated with Smulley's claims for declaratory and compensatory relief do not alone total more than $75,000.

Smulley's argument for diversity jurisdiction therefore relies on her request for punitive damages under the Connecticut Unfair Trade Practices Act ("CUTPA"). Only "if punitive damages are permitted under the controlling law" are they includable in the calculation of the amount in

controversy. *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991). As it happens, punitive damages are not permitted under CUTPA absent "reckless indifference to the rights of others or an intentional and wanton violation of those rights." *Tingley Sys., Inc. v. Norse Sys., Inc.*, 49 F.3d 93, 97 (2d Cir. 1995) (citing *Gargano v. Heyman*, 25 A.2d 1343, 1347 (Conn. 1987)). Smulley complains only that CCC was negligent. Recklessness, however, is "more than [even] gross negligence." *Dubay v. Irish*, 542 A.2d 711, 718 (Conn. 1988) (quoting *Bordonaro v. Senk*, 147 A. 136, 137 (Conn. 1929)).

Smulley also fails to allege facts that would permit a finding of recklessness.[1] She claims that CCC designed its software to enable insurance companies to "manipulate" calculated value and repair estimates. This design, she continues, allowed Safeco to improperly revise the repair estimates for her car and deem it ineligible for repair. Yet there are no facts to indicate, and we cannot reasonably infer, that CCC was aware of, participated in, or intentionally facilitated any manipulation. Moreover, the mere fact that an insurance company can "manipulate" CCC's software hardly suggests reckless indifference to, or intentional and wanton violation of, Smulley's rights. Punitive damages are impermissible here, and we may not include them the amount in controversy. Accordingly, we agree with the District Court that Smulley has not demonstrated a reasonable probability that the amount in controversy exceeds $75,000. We thus conclude that diversity jurisdiction does not exist.

## II. Federal question jurisdiction

We reach the same conclusion about federal question jurisdiction, which reaches "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] suit 'arises under' federal law for 28 U.S.C. § 1331 purposes 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (alteration in original) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Smulley's complaint aims to establish federal question jurisdiction in three different ways. None demonstrates a cause of action based on federal law.

First, Smulley invokes the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02. But "[t]he Declaratory Judgment Act alone does not provide a court with jurisdiction." *California v. Texas*, 141 S. Ct. 2104, 2115–16 (2021) (citation omitted); *see also*, *Correspondent Servs. Corp.*, 442 F.3d at 769.

Second, Smulley argues that there is federal question jurisdiction under the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. § 32308. But, as the District Court observed, Smulley does

---

[1] Furthermore, the statutes that Smulley points to as predicates for CCC's CUTPA violations apply only to insurers or repairers. Smulley never alleges that CCC is either. And Connecticut statutes explicitly define the terms "insurer" and "repairer" in ways that do not encompass a company such as CCC. *See* Conn. Gen. Stat. §§ 38a-1(12), 14-51(a)(3).

3

not allege that Defendants violated that statute. Even if she had, § 32308 provides no private right of action to consumers such as Smulley. *See* 49 U.S.C. § 32308(b), (d). That there is no private right of action is strong evidence that federal question jurisdiction is absent. *See Bracey v. Bd. of Educ. of Bridgeport*, 368 F.3d 108, 114 (2d Cir. 2004).

Third, Smulley argues that the case arises under the Constitution's Commerce Clause because Defendants "engage in activities which are channels of interstate commerce." Plaintiffs may establish federal question jurisdiction by alleging a violation of their constitutional rights. *See, e.g.*, *Reilly v. Doyle*, 483 F.2d 123, 127 (2d Cir. 1973). But Smulley does not do so. Instead, she alleges only that Defendants—who purportedly committed state law torts against her—*participate* in interstate commerce. Defendants' participation in interstate commerce is not enough to establish federal question jurisdiction. *Cf. In re Reisenberg*, 208 U.S. 90, 109 (1908) ("A case under the Constitution or laws of the United States does not arise against a railroad engaged in interstate commerce from that mere fact."). The District Court thus rightfully dismissed the complaint for lack of subject matter jurisdiction.

### III. Motion for recusal

We lastly consider whether the District Court properly denied Smulley's motion for recusal, a decision we review for abuse of discretion. *See LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007). Assuming without deciding that Smulley's motion was timely, we conclude that the District Court did not abuse its discretion.[2] Recusal is proper when a party has filed a "timely and sufficient affidavit" demonstrating that "the *judge* . . . has a personal bias or prejudice . . . in favor of any adverse party." 28 U.S.C. § 144 (emphasis added). Smulley's arguments, however, focus on the court reporter and defense counsel, who worked at the same firm as the court reporter's husband. Her assertion that they violated codes of conduct fails to explain how the violations, if true, might "prevent or impede [Judge Meyer's] impartiality." *See Berger v. United States*, 255 U.S. 22, 33 (1921).

Stated differently, we are unconvinced that "a reasonable person . . . would conclude that the court's impartiality might reasonably be questioned." *Apple*, 829 F.2d at 333. As the District Court noted, other courts have deemed recusal unnecessary where a ministerial court employee uninvolved in substantive decision-making has a connection, through family, to counsel. *See, e.g.*, *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1312–13 (10th Cir. 2015). Furthermore, the District Court

---

[2] One reason the Judge Meyer declined to recuse himself is that Smulley waited six weeks after the court reporter disclosed her husband's affiliation with the defense counsel's firm to register any discontent. A party must raise "disqualification at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim," but Smulley disputes she was aware of the court reporter's disclosure at oral argument. *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987).

considered the issue at length—first of its own accord and then in response to Smulley's filings—and provided detailed reasoning for why it need not recuse. We hold that it did not abuse of discretion in denying Smulley's recusal motion.

## CONCLUSION

In sum, we conclude that Smulley fails to establish either the diversity jurisdiction or federal question jurisdiction necessary to sustain the District Court's subject matter jurisdiction. She fails to demonstrate a reasonable probability that the amount in controversy exceeds $75,000. She also fails to demonstrate a cause of action based on federal law. We further conclude that the District Court did not abuse its discretion in denying Smulley's motion for recusal because she did not demonstrate any personal bias or prejudice on Judge Meyer's part.

We have considered all of Smulley's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the August 3, 2021 order and judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5