## DUGAN v. OHIO.

No. 766. Argued April 10, 1928.—Decided May 14, 1928.

*Mr. F. L. Johnson,* with whom *Mr. Robert F. Cogswell* was on the brief, for plaintiff in error.

*Mr. J. A. Finney,* with whom *Mr. Herman E. Werner* was on the brief, for defendant in error.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

M. J. Dugan was convicted before the Mayor's Court of the city of Xenia, Greene County, Ohio, for the unlawful possession of intoxicating liquor under Section 6212-15 of the General Code of Ohio. The conviction was sustained by the Common Pleas Court of Greene County, Ohio, by the Court of Appeals of the same county, and by the Supreme Court of the State. The defendant has duly raised the question of the constitutional impartiality of the mayor to try the case. This is the only issue for our consideration. The objection is based on the ground that for the mayor to act in this case was a violation of the Fourteenth Amendment to the Federal Constitution, in that the mayor occupied in the city government two practically and seriously inconsistent positions, one partisan and the other judicial; that as such mayor he had power under the law to convict persons without a jury of the offense of the possession of intoxicating liquor and punish them by substantial fines, half of which were paid into the city treasury, and as a member of the city commission he had a right to vote on the appropriation and the spending of city funds; and further that while he received only a fixed salary and did not receive any fees, yet all the fees taxed and collected under his convictions were paid into the city treasury

and were contributions to a general fund out of which his salary as mayor was payable.

The defendant, in February, 1924, pleaded guilty and was fined $400 for possessing intoxicating liquor, and thereafter was convicted and fined $1,000 for a subsequent similar offense. This is a review of the second conviction.

The city of Xenia is a charter city, and has a commission form of government, with five commissioners. The charter provides that a member of the city commission shall also be mayor. The mayor has no executive, and exercises only judicial, functions. The commission exercises all the legislative power of the city, and together with the manager exercises all its executive powers. The manager is the active executive. The mayor's salary is fixed by the votes of the members of the commission other than the mayor, he having no vote therein. He receives no fees. The offense charged here was committed within the corporate limits of the city of Xenia. Xenia is the capital of Greene County, having, according to the census of 1920, a population of 9,110. Greene County is a rural county with no larger city than Xenia.

Was the mayor disqualified as judge by the Fourteenth Amendment as interpreted and applied in *Tumey* v. *The State of Ohio*, 273 U. S. 510? We think not. The *Tumey* case does not apply to this. Tumey was arrested and charged with unlawful possession of intoxicating liquor at White Oak, a village in Hamilton County, Ohio, on a warrant issued by the mayor of North College Hill. The latter was a village of 1,100 in the county which included the city of Cincinnati with half a million population. The counsel for the State asserted in that case that the purpose of the law in its application to the mayor of a village in large counties was to extend jurisdiction to break up places of outlawry that were located on the municipal boundary just outside of large cities;

64

that in some of the cities the normal enforcement agencies under the law did not perform their duty, and the jurisdiction of mayors of village courts over the whole county was conferred so that there might be some courts through which effective prosecutions for city offenders could be had; and that the system by which the fines to be collected were divided equally between the State and the village was for the proper purpose of stimulating the activities of the village officers and agents to due enforcement over the county. The council of any village might by ordinance authorize the use of half of the fines collected for the violation of the prohibition law so that by contingent commissions to attorneys, detectives, or secret service officers they could secure the enforcement of the law and very much increase the revenue of the village.

The duties of the mayor of a village in Ohio like that of North College Hall were primarily executive. He was the chief conservator of the peace and directed to see that all ordinances were faithfully obeyed and enforced. He communicated to council from time to time a statement of the finances of the municipality. He supervised the conduct of all the officers of the corporation, including those engaged in prosecuting the liquor law violators.

This Court in the *Tumey* case held that it was a violation of due process of law to make the compensation of the mayor dependent upon his conviction of defendants in this especially organized " liquor " court, from which the mayor received, in addition to his salary, about $100 a month from convictions. The direct dependence of the mayor upon convictions for compensation for his services as a judge was found to be inconsistent with due process of law.

As the plaintiff in error contends, however, the mayor's individual pecuniary interest in his conviction of defendants was not the only reason in the *Tumey* case for hold-

ing the Fourteenth Amendment to be violated. Another was that a defendant brought into court might with reason complain that he was not likely to get a fair trial or a fair sentence from a judge who as chief executive was responsible for the financial condition of the village, who could and did largely control the policy of setting up a liquor court in the village with attorneys, marshals and detectives under his supervision, and who by his interest as mayor might be tempted to accumulate from heavy fines a large fund by which the running expenses of a small village could be paid, improvements might be made and taxes reduced. This was thought not to be giving the defendant the benefit of due process of law.

No such case is presented at the bar. The mayor of Xenia receives a salary which is not dependent on whether he convicts in any case or not. While it is true that his salary is paid out of a fund to which fines accumulated from his court under all laws contribute, it is a general fund, and he receives a salary in any event, whether he convicts or acquits. There is no reason to infer on any showing that failure to convict in any case or cases would deprive him of or affect his fixed compensation. The mayor has himself as such no executive but only judicial duties. His relation under the Xenia charter, as one of five members of the city commission, to the fund contributed to by his fines as judge, or to the executive or financial policy of the city, is remote. We agree with the Supreme Court of Ohio in its view that the principles announced in the *Tumey* case do not cover this.

*Judgment affirmed.*