## UIHLEIN v. CITY OF ST. PAUL et al.

Circuit Court of Appeals, Eighth Circuit.
April 26, 1929.

No. 8182.

Edward S. Stringer, of St. Paul, Minn. (Thomas C. Fitzpatrick and William F. Hunt, both of St. Paul, Minn., on the brief), for appellant.

C. J. Rockwood, of Minneapolis, Minn., amicus curiæ.

Arthur A. Stewart, of St. Paul, Minn. (Eugene M. O'Neill, of St. Paul, Minn., on the brief), for appellees.

Before STONE and LEWIS, Circuit Judges, and MARTINEAU, District Judge.

STONE, Circuit Judge. This is an appeal from the denial of a temporary injunction seeking to prevent the city of St. Paul from proceeding with an alleged condemnation of plaintiff's property and from entering thereon in pursuance of such condemnation.

The city of St. Paul operates under a home rule charter adopted pursuant to section 36, article 4, of the state Constitution. This charter provides a method for condemning land for city purposes and for determining the damage award therefor. That method is as follows:

After the city council has, by resolution, fixed the amount of land or extent of easement to be taken or condemned, the commissioner of finance views the premises, fixes the amount of damages occasioned by such condemnation and makes an award thereof. He reports the value and amount of these awards and to whom payable to the city council. The council then fixes a time and place for a public hearing upon this report and gives notice thereof. At this hearing all interested persons may appear and be heard as to the fairness of such awards. The council may thereafter modify the amount of awards and when the same shall be satisfac-

tory to the council it ratifies or confirms the taking or condemnation and the award of damages. The award so confirmed becomes final and conclusive upon all persons, except where an appeal therefrom is taken to the district court by any interested party. The charter provides that:

"Such appeal shall be tried as other civil causes, except that no pleading shall be necessary and on such trial the only question to be passed upon shall be whether the said council had jurisdiction in the case, and whether the valuation of the property specified in said objections is a fair valuation, and the award to such objector is fair and impartial. The judgment of the court shall be either to confirm such award or to annul the same as far as the same affects the property of the objector, and no more, and an appeal may be taken therefrom by either party in the same manner as in the case of other civil actions."

At the time of the condemnation and award here involved, the state statute provided that:

"Upon the payment of said award or appropriation or the setting apart of the money in the city treasury to pay the same as aforesaid, the city shall become vested with the title of the property taken and condemned absolutely for all purposes for which the city may ever have occasion to use the same, and may forthwith enter upon and use the same." Chapter 219, Laws 1921.

■ The appellee questions the jurisdiction of this court to entertain this appeal on the theory that this is a three-judge case, wherein the appeal lies direct to the Supreme Court. We think this question is serious, but are inclined to the view that the position of appellee is not well taken. Section 380, title 28, U. S. C. (Judicial Code, § 266; 28 USCA § 380), provides for such a hearing and such an appeal to the Supreme Court in injunctive proceedings involving the statutes of a state or the action of a state officer or board under and pursuant to state statutes, but it has been repeatedly held that a city ordinance is not within the above section. Ex parte Collins, 277 U. S. 565, 48 S. Ct. 585, 72 L. Ed. 990; Ex parte Public Nat. Bank, 278 U. S. 101, 49 S. Ct. 43, 73 L. Ed. ——; also, citations in King Mfg. Co. v. Augusta, 277 U. S. 100, at page 119, 48 S. Ct. 489, 72 L. Ed. 801. Whether a city charter is within the section depends upon whether that charter is a direct grant from the Legislature, so that it is, in effect, a state statute, though of local application. The charter of St. Paul is not legislative in origin. The state Constitution permits freeholders of a city to form a charter for their local government. This charter is not an act by the state Legislature—a statute—but is an act, purely by voters of the locality, within a power granted by the state Constitution. Therefore, this is not a "three-judge" case and the present appeal is proper.

Appellant contends that this method of condemnation and awarding damages is violative of the Fourteenth Amendment because (I) the city council is not a fair and impartial tribunal; (II) the appeal provisions of the charter do not provide a fair and impartial tribunal; (III) the appeal is not unrestricted.

### I and II.

There is room for grave doubt as to whether the city council is the fair and impartial tribunal required to constitute due process. Tumey v. Ohio, 273 U. S. 510, 47 S. Ct. 437, 71 L. Ed. 749, 50 A. L. R. 1243; Dugan v. Ohio, 277 U. S. 61, 48 S. Ct. 439, 72 L. Ed. 784. However, it is unnecessary to give this point serious investigation or consideration because we are sure that the appeal provided by the charter affords a fair tribunal within the meaning of the Fourteenth Amendment.

■ Under the provisions of the charter and of the act of 1921, the city acquires no interest in and has no right to enter upon property so condemned until after the award of damages has become final by appeal or otherwise and the amount of the award paid or set aside through appropriation by the city for that purpose. Thus, the property owner is not disturbed in his title, possession, or enjoyment until he has exhausted his right of appeal and the amount of award has been paid or made available to him. This being true, if he, on such appeal, has been afforded a fair and impartial hearing upon the amount of award, he has been accorded all that the amendment requires. There can be and is no contention that the district court is not a fair tribunal. The contention here is that this right of appeal is unduly limited in that it does not provide for a hearing de novo in which the district court may fix the amount of damages. It is true that the appeal provided for does not permit a hearing de novo or a fixing of damages by the district court but that the action of that court is limited to approving or disapproving the award confirmed by the council. However, the appeal provision of the charter provides that the court may determine whether the council had jurisdiction in the case, whether

the valuation is a fair one and whether the award is fair and impartial. The practical result and effect of these provisions is that no award which is not impartial and fair to the property owner can be made binding upon him by the district court on this appeal. He has a right to be heard in the district court thereon and to present to that court his evidence and arguments upon the fairness and impartiality of the award and his property is not taken or burdened unless the court shall determine that the award is fair and impartial. With such a free hearing and such a necessary result before his property can be affected, the property owner has been accorded his full rights under the amendment.

### III.

The objection that the appeal is a restricted one is based on the requirement that the property owner must put up a bond for costs as a condition of the appeal. This requirement is entirely reasonable and not unduly restrictive. Even if the proceedings before the council is not impartial within the meaning of the amendment, it at least may be given the force of an offer from the city which must be accepted or opposed by the provided appeal. If the offer is unfair, there will be no costs against the property owner. If the offer is fair, he should not be heard to complain of costs caused by him in resisting it and there is no hardship in requiring him to secure the payment of such possible costs. It is difficult to imagine an owner of property, being condemned, who would have trouble in giving such security, but, if such should occur, it is highly probable that this requirement of the charter would be held subject to statutory provisions covering actions by paupers. At any rate, there is no allegation here that this appellant is unable to give such security and the proof is rather clearly to the contrary.

The order denying the temporary injunction should be and is affirmed.