982 F.2d 529
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joe REED; Reed & Sons, Inc., a Colorado corporation,
Plaintiffs-Appellants,
v.
FARMERS HOME ADMINISTRATION, Defendant-Appellee.
 Nos. 92-1002.
 United States Court of Appeals, Tenth Circuit.
 Dec. 4, 1992.
 
 Before TACHA and BRORBY, Circuit Judges, and BROWN, Senior District Judge.*
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 Petitioners Joe Reed and Reed & Sons, Inc. ("Reed") appeal a district court order affirming a decision by respondent Farmers Home Administration ("FmHA") to sell a parcel of farmland to Godwin and Kami Oliver ("Olivers") and not to Reed. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 2
 In 1987, FmHA acquired through foreclosure a parcel of property known as the Ives Farm, which it classified as inventory property suitable for farming. FmHA is required to sell such farmland to eligible program applicants as determined by the County Committee ("Committee"). FmHA advertised the property for sale in June, 1983. The advertisement did not disclose that the sale included mineral rights.
 
 
 3
 There were five eligible applicants for the property, including Reed and the Olivers. The Olivers did not own a farm and did not have an asset base with which to buy one. They earned $17,795 in farm income, all of which came from leased property. Reed owned farm property and a substantial interest in another business, and had a net worth of over $300,000 and farm income of $39,550.
 
 
 4
 The Committee selected the Olivers, reasoning that Mr. Oliver was a young farmer who was trying to establish himself as an owner, had the greatest need for farm income, and best met the eligibility requirements. One of the three committee members was Joe Mahaffey. Mr. Oliver leased 86 acres of farmland from Mahaffey pursuant to an agreement under which Mr. Oliver received 60% of the farm's proceeds and paid the other 40% to Mahaffey.
 
 
 5
 Reed appealed, and an Appeals Hearing Officer upheld the Committee's decision, relying in part on updated financial information submitted by Mr. Oliver. After exhausting his remaining administrative remedies, Reed filed this action in the district court. The district court upheld FmHA's decision, and Reed appealed.
 
 
 6
 Reed raises three arguments on appeal: (1) the district court should have set aside the Committee's decision because Mr. Mahaffey was biased in favor of the Olivers; (2) the district court should have set aside the hearing officer's decision because it was based on materials not before the Committee; and (3) the district court should have set aside the decision because of defective notice and other procedural errors.
 
 
 7
 For Reed to prevail on his first argument, he must establish a disqualifying interest that rebuts the presumption that Mahaffey was unbiased. See Schweiker v. McClure, 456 U.S. 188, 195-96 (1982). Only a "substantial showing" of personal bias can overcome this presumption. Roberts v. Morton, 549 F.2d 158, 164 (10th Cir.1976), cert. denied, 434 U.S. 834 (1977). Moreover, the impermissible interest generating the bias must be realistic and more than "remote". Dugan v. Ohio, 277 U.S. 61, 65 (1928).
 
 
 8
 We reject Reed's first argument because he has failed to meet this burden. He presented no direct evidence that the sale of the Ives Farm would have any effect on the relationship between Mr. Mahaffey and the Olivers. The mere showing of a general business relationship is insufficient to disqualify a decisionmaker. See Schweicker, 456 U.S. at 196-97. Rather, Reed must show that Mahaffey had a "direct, personal, pecuniary interest" in the outcome, Wolkenstein v. Reville, 694 F.2d 35, 42 (2d Cir.1982), cert. denied, 462 U.S. 1105 (1983), and Reed has failed to make that showing. Reed does speculate that the Olivers will sow the profits they reap from the Ives Farm into the farm they now lease from Mahaffey. But the prospect that Mahaffey will harvest any gain from these events is too remote to demonstrate that he had a substantial personal interest in the Committee's decision.
 
 
 9
 After reviewing the briefs and record, we reject Reed's other arguments for substantially the reasons given by the district court.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3