*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOHN QUINTON LEWIS,

        Defendant-Appellant.

UNPUBLISHED
May 13, 2021

No. 350287
Chippewa Circuit Court
LC No. 18-003602-FH

Before: MURRAY, C.J., and MARKEY and LETICA, JJ.

PER CURIAM.

Defendant appeals as on leave granted[1] the trial court's order denying his motion to vacate the court costs imposed at sentencing for his guilty plea convictions. On appeal, defendant argues that MCL 769.1k(1)(b)(*iii*), which authorizes trial courts to impose court costs on convicted criminal defendants, is unconstitutional because it violates due process and the separation of powers by affecting judicial impartiality. More particularly, defendant asserts that the imposition of court costs incentivizes or pressures trial court judges to convict defendants in order to impose court costs, which, in turn, fund the trial courts. We disagree and affirm.

---

[1] This Court originally denied defendant's application for leave to appeal, *People v Lewis*, unpublished order of the Court of Appeals, entered October 14, 2019 (Docket No. 350287), but our Supreme Court remanded the case back to this Court for consideration as on leave granted, *People v Lewis*, 505 Mich 1135 (2020). Thereafter, the Supreme Court remanded six cases to this Court and ordered that they be held in abeyance pending the decision in this case. See *People v Cameron*, ___ Mich ___; 953 NW2d 401 (2021); *People v Murray*, ___ Mich ___; 951 NW2d 893 (2020); *People v Brown*, ___ Mich ___; 951 NW2d 653 (2020); *People v Fountain*, ___ Mich ___; 950 NW2d 50 (2020); *People v Woods*, ___ Mich ___; 949 NW2d 460 (2020); *People v Clements*, ___ Mich ___; 949 NW2d 456 (2020).

## I. BACKGROUND

Defendant pleaded guilty to interfering with electronic communications, MCL 750.540(1), and domestic violence, MCL 750.81(2). The trial court sentenced defendant to 330 days in jail for the interfering with electronic communications conviction and 90 days in jail for the domestic violence conviction with credit for 117 days served for both convictions. The trial court also assessed $300 in court costs, among other costs and fees not at issue in this appeal.

Defendant filed a motion to vacate the court costs, arguing that the costs constituted an unconstitutional tax.[2] The prosecution responded by arguing that the court costs were constitutional under this Court's decision in *People v Cameron*, 319 Mich App 215; 900 NW2d 658 (2017). Defendant acknowledged *Cameron*, but noted that, in the Supreme Court's order denying leave, Chief Justice McCormack concurred and raised other potential concerns with the constitutionality of MCL 769.1k(1)(b)(*iii*). See *People v Cameron*, 504 Mich 927 (2019) (MCCORMACK, C.J., concurring).[3] Based on those concerns, defendant argued that the statute provided a financial incentive and pressure for trial court judges to convict defendants, which violated defendants' due-process rights to appear before, and be sentenced by, a neutral arbiter. Defendant also suggested that the statute violated the separation of powers by preventing the judiciary from maintaining neutrality in criminal proceedings. At a hearing, the trial court denied defendant's motion to vacate the court costs. This appeal follows.

## II. DUE PROCESS

On appeal, defendant argues that MCL 769.1k(1)(b)(*iii*) is unconstitutional because it creates a pressure on trial court judges to convict defendants and impose costs against them, which undermines defendant's due-process rights.[4] We disagree.

This Court reviews de novo issues involving statutory interpretation, as well as the constitutionality of statutes. *People v Parlovecchio*, 319 Mich App 237, 240; 900 NW2d 356 (2017).

Both the United States Constitution and the Michigan Constitution provide that no person may be deprived of life, liberty, or property without due process of law. US Const, Am XIV; Const 1963, art 1, § 17; *People v Bearss*, 463 Mich 623, 629; 625 NW2d 10 (2001). "The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases." *Marshall v Jerrico, Inc*, 446 US 238, 242; 100 S Ct 1610; 64 L Ed 2d 182 (1980).

---

[2] Defendant's motion also argued that the county oversight fees should be vacated because defendant was not placed on probation. The trial court agreed and these fees are not at issue in this appeal.

[3] Justice Bernstein joined the Chief Justice's statement.

[4] The Detroit Justice Center, American Civil Liberties Union of Michigan, and Street Democracy have also filed a brief as amici curiae in support of defendant.

This Court "presume[s] statutes to be constitutional unless their unconstitutionality is clearly apparent and, if possible, the statute is to be construed as constitutional. The burden is on the party challenging the statute's constitutionality to prove its invalidity." *People v GR*, 331 Mich App 58, 68; 951 NW2d 76 (2020) (quotation marks and citations omitted). "A constitutional challenge to the validity of a statute can be brought in one of two ways: by either a facial challenge or an as-applied challenge." *In re Forfeiture of 2000 GMC Denali & Contents*, 316 Mich App 562, 569; 892 NW2d 388 (2016). Because defendant does not allege that the trial court judge was not impartial, but rather that no judge can be presumed to be impartial, defendant is pursuing a facial challenge to MCL 769.1k(1)(b)(*iii*). See *People v Wilder*, 307 Mich App 546, 556; 861 NW2d 645 (2014) ("A facial challenge involves a claim that a legislative enactment is unconstitutional on its face, in that there is no set of circumstances under which the enactment is constitutionally valid."). As our Supreme Court explained:

> A party challenging the facial constitutionality of an ordinance faces an extremely rigorous standard. To prevail, [the challenging party] must establish that no set of circumstances exists under which the [statute] would be valid and [t]he fact that the . . . [statute] might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it invalid. Indeed, if any state of facts reasonably can be conceived that would sustain [the statute], the existence of the state of facts at the time the law was enacted must be assumed and the [statute] upheld. Finally, because facial attacks, by their nature, are not dependent on the facts surrounding any particular decision, the specific facts surrounding [the challenging party's] claim are inapposite. [*Bonner v Brighton*, 495 Mich 209, 223; 848 NW2d 380 (2014) (quotation marks and citations omitted; third alteration in original).]

At the time defendant pleaded guilty and the trial court judge imposed the costs, MCL 769.1k(1)(b)(*iii*) provided:

> (b) The court may impose any or all of the following:
>
> * * *
>
> (*iii*) Until October 17, 2020, any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case, including, but not limited to, the following:
>
> (A) Salaries and benefits for relevant court personnel.
>
> (B) Goods and services necessary for the operation of the court.

(C) Necessary expenses for the operation and maintenance of court buildings and facilities.[5]

This precise issue has been addressed in *People v Johnson*, ___ Mich App ___; ___ NW2d ___ (2021) (Docket No. 351308). In *Johnson*, the defendant pleaded guilty to resisting or obstructing a police officer, MCL 750.81d(1), and was placed on probation with a one-year delayed sentence. *Id*. at ___; slip op at 1. The defendant then violated his probation and pleaded no contest to aggravated domestic violence, second offense, MCL 750.81a(3), and interference with electronic communications, MCL 750.540(5)(a). *Id*. at ___; slip op at 1-2. The trial court revoked the defendant's delayed sentence and sentenced him to serve time in jail for his three convictions, in addition to $1,200 in court costs. *Id*. at ___; slip op at 2. The defendant appealed to this Court, arguing that "MCL 769.1k(1)(b)(*iii*) operates in the state of Michigan to deprive all criminal defendants of their due-process right to appear before an impartial decisionmaker because the statute incentivizes all judges to convict criminal defendants and impose court costs to raise revenue for the courts." *Id*.

Initially, the *Johnson* panel questioned "whether the financial incentives for trial judges to see that defendants are convicted are operative" in cases "where defendants choose to plead guilty and do not argue that their pleas were improperly entered, and where the costs imposed meet statutory requirements." *Id*. at ___; slip op at 4 (quotation marks omitted). We share this concern as defendant's convictions arise from a guilty plea.[6]

In any event, the *Johnson* panel addressed the question of "whether the financial interests of a trial court might raise due-process concerns." *Id*. In particular, the panel considered *Tumey v Ohio*, 273 US 510; 47 S Ct 437; 71 L Ed 749 (1927); *Dugan v Ohio*, 277 US 61, 65; 48 S Ct 439; 72 L Ed 784 (1928); and *Ward v Village of Monroeville, Ohio*, 409 US 57; 93 S Ct 80; 34 L Ed 2d 267 (1972), before concluding that the facts of the case closely resembled those in *Dugan*, 277 US at 65, where the defendant's due-process rights were not violated because while "the entity exercising the judicial role benefited from a portion of the revenue generated by court assessments," the entity "did not have control over administration of the revenue." *Johnson*, ___ Mich App at ___; slip op at 4-7. Although MCL 769.1k(1)(b)(*iii*) generates revenue for trial courts, " 'these provisions do not indicate where the money flows after the costs have been imposed on and paid by a convicted defendant.' " *Johnson*, ___ Mich App at ___; slip op at 7, quoting *People v Alexander*, unpublished per curiam opinion of the Court of Appeals, issued May 14, 2020 (Docket No. 348593), lv pending, p 14.[7] "Indeed, Michigan's Constitution provides that '[n]o

---

[5] MCL 769.1k was amended by 2020 PA 151, effective September 17, 2020, to allow costs to be imposed under (1)(b)(*iii*) until October 1, 2022. The relevant language of the statute was not changed.

[6] And, although defendant's argument concerns the sentence imposed in a criminal case, defendant has not provided a copy of the presentence investigation report. MCR 7.212(C)(7).

[7] Unpublished opinions of this Court are not precedentially binding under MCR 7.215(C)(1), but we find *Alexander* to be persuasive and applicable to this case, recognizing that the defendant's

judge or justice of any court of this state shall be paid from the fees of his office nor shall the amount of his salary be measured by fees, other moneys received or the amount of judicial activity of his office.' " *Johnson*, ___ Mich App at ___; slip op at 7, quoting Const 1963, art 6, § 17 (internal quotation marks omitted; alteration in original).

Similar to the defendant in *Johnson*, in this case, defendant has failed to show "that the nexus between the courts and the costs they impose" under MCL 769.1k(1)(b)(*iii*) undermines a defendant's due-process right to appear before a neutral judge. As this Court concluded in *Alexander*:

> To the extent that defendant appears to claim that judicial impartiality is generally compromised because the money collected for these costs eventually finds its way back to the trial courts by way of the complex system of funding the trial courts, providing a portion of the total funding allocated to the courts, we find such a connection to be far too attenuated to have any impact on a judge's decision whether to impose costs under MCL 769.1k(1)(b)(*iii*). This is particularly true where the amount of costs imposed is confined to that for which a factual basis exists showing that the costs are reasonably related to the actual costs incurred. [*Alexander*, unpub op at 14.]

Because this precise issue has been addressed in *Johnson*, we are required to follow it, MCR 7.215(J)(1), and we agree with its analysis.[8] The *Johnson* Court adequately explained why defendant's argument cannot succeed under guiding Supreme Court precedent, as the circumstances at issue in *Tumey* and *Ward*, both of which dealt with Ohio's "mayor's courts," are vastly different from a courts imposition of fees under MCL 769.1k(1)(b)(*iii*), and are more similar to *Dugan*. Other courts have come to the same conclusion under similar circumstances. See, e.g., *Commonwealth of North Mariana Islands v Kaipat*, 94 F3d 574, 580-582 (CA 9, 1996).

But distinguishing between the controlling precedent is only part of the reason why defendant's argument cannot prevail. Defendant, and his supporting amici, rely extensively on the premise that trial court judges can be, and sometimes are, subject to political pressure from local executives and council members (the local legislative body) who encourage judges to impose costs as frequently as possible to generate revenue for local court operations under MCL 769.1k(1)(b)(*iii*). Defendant argues that the pressure to raise revenues to pay for the listed court

---

application for leave to appeal is pending. See *People v Alexander*, Michigan Supreme Court Docket No. 161555.

[8] Whether a successful as-applied challenge could be made remains open given the concerns raised by several district court judges. These concerns were also addressed in the recommendations of the Trial Court Funding Commission. See Trial Court Funding Commission <michigan.gov/documents/treasury/TCFC_Final_Report_9-6-2019_667167_7.pdf> (accessed May 6, 2021).

personnel and functions in that statute is so great that it results in a violation of the Due Process Clause of the federal constitution.

In making this argument, defendant and his supporters fail to recognize the long-held and important presumption[9] that judges are impartial and sufficiently independent to follow in every case the oath each has taken to uphold the laws of this state and nation. 1963 Mich Const, art 11, § 1. Michigan judges are required by our ethics rule to be "unswayed by partisan interests, public clamor, or fear of criticism," Code of Judicial Conduct, Canon 3(A)(1),[10] and do just that on a daily basis. Whether dealing with politically charged issues, an infamous criminal case, or some other case that gains the attention of the public, many cases every year—at all levels of the Michigan judiciary—receive heightened media attention and public scrutiny. Yet, the judge makes the decision that he or she believes is consistent with the law, not public opinion. And, sometimes judges are subjected to inappropriate phone calls, messages, editorials, or other such commentary about the cases pending before them. But, when holding these positions, "it comes with the territory," and we each recognize that in fulfilling our constitutional duties we cannot be, and are not, swayed by political pressures or public outcry. As a commentator similarly put it, "[a]ll judges face the likelihood of being publicly criticized . . . for decisions that they render. It goes with the territory. A judge's oath is to decide cases based on the law and the facts . . . ." Carl E. Stewart, *Contemporary Challenges to Judicial Independence*, 43 Loy L Rev 293, 306 (1997).

The framers of the federal constitution realized the importance of an independent judiciary, and thus insulated federal judges from these pressures through lifetime appointments and the inability to reduce their pay. *Stern v Marshall*, 564 US 462, 484; 131 S Ct 2594; 180 L Ed 2d 475 (2011). And, although Michigan judges are elected and thus theoretically more susceptible to political pressure, our judges have shown throughout history that the rule of law, not the current political or social will, prevails in the courtroom. In *People v Vecchio*, 819 P2d 533, 535 (Colo App, 1991), the Colorado Court of Appeals acknowledged the legal presumption that judges—even elected judges—are not swayed by the political winds:

> Moreover, every sitting judge faces a future retention election and is aware that his conduct in office will have a direct impact upon the outcome thereof. There can be no legal presumption that a judge is intimidated by the outrage of the community in which he serves; retribution at the polls is a risk undertaken by every judicial candidate upon acceptance of appointment in a judicial position. To put it in general parlance, "it goes with the territory."
>
> To hold otherwise is to indulge a legal presumption that a judge violates Colorado Code of Judicial Conduct Canon 3(A)(1), which requires, among other things that,

---

[9] A trial judge is presumed to be impartial, and the party asserting partiality has the heavy burden of overcoming that presumption. *Cain v Dep't of Corrections*, 451 Mich 470, 497; 548 NW2d 210 (1996).

[10] Additionally, the separation of powers offers the judiciary the ability and power to be independent of the two political branches. *Stern v Marshall*, 564 US 462, 483; 131 S Ct 2594; 180 L Ed 2d 475 (2011).

"A judge should be unswayed by partisan interest, public clamor, or fear of criticism." This we cannot and do not do. That such a presumption is unwarranted is demonstrated daily by the courageous independence of a forthright judiciary applying legal principles faithfully and fearlessly, often in the face of the most vocal criticism.

See also, *Republican Party of Minnesota v White*, 536 US 765, 796; 122 S Ct 2528; 153 L Ed 2d 694 (2002) (Kennedy, J., concurring) (Recognizing that many elected state judges, "despite the difficulties imposed by the election system, have discovered in the law the enlightenment, instruction, and inspiration that make them independent-minded and faithful jurists of real integrity. We should not, even by inadvertence, 'impute to judges a lack of firmness, wisdom, or honor,' " quoting *Bridges v California*, 314 US 252, 273; 62 S Ct 190; 86 L Ed 192 (1941)); *People v Hall*, 114 Ill 2d 376, 407; 499 NE2d 1335 (1986) ("Judges are called upon to preside over the trial of onerous causes and persons. By definition, however, a trial judge is required to ignore provocations and pressures, whether public or from individuals. The record shows that the trial judge's conduct here was entirely proper. He correctly noted that the administration of justice requires the courage to insure that justice is fairly and impartially administered.").

Instead, if a remedy is needed, that remedy must come from the legislature, the policy-making branch of our state government. In that forum, defendant and amici can pursue the statutory change that they believe provides for a superior system of court funding, which appears the ultimate goal of this argument.

## III. SEPARATION OF POWERS

Defendant also argues that MCL 769.1k(1)(b)(*iii*) is unconstitutional because it violates the separation of powers by preventing trial court judges from remaining neutral and impartial. " '[I]n determining whether [an] Act disrupts the proper balance between the coordinate branches, the proper inquiry focuses on the extent to which it prevents [one] [b]ranch from accomplishing its constitutionally assigned functions.' " *Johnson*, ___ Mich App at ___; slip op at 9 (alterations in original), quoting *Nixon v Adm'r of Gen Servs*, 433 US 425, 443; 97 S Ct 2777; 53 L Ed 2d 867 (1977). Again, this Court has already addressed and rejected this same argument in *Johnson*:

> However, as already explained, and as a panel of this Court explained in *Alexander*, "defendant has not shown that this statute creates a situation where there exists no set of circumstances under which a judge in this state is impartial[,]" nor has he shown "that all trial judges must be disqualified" because the statute "creates financial interest in the judiciary to cause them to ignore their constitutional mandates." *Alexander*, unpub op at 15. Further, although MCL 769.1k(1)(b)(*iii*) generates revenue, *Cameron*, 319 Mich App at 224, nothing in the plain language of the statute "directs the flow of money or creates a funding system for the trial courts . . . ." *Alexander*, unpub op at 15. For these reasons, defendant's separation-of-powers argument does not establish that the Legislature has made it impossible for trial courts to fulfill their constitutional mandates or that MCL 769.1k(1)(b)(*iii*) is facially unconstitutional. *Id*. [*Johnson*, ___ Mich App at ___; slip op at 9.]

Because we are bound to follow *Johnson*, MCR 7.215(J)(1), and, again, agree with its analysis, defendant's argument fails.

      Affirmed.


                                               /s/ Christopher M. Murray
                                               /s/ Jane E. Markey
                                               /s/ Anica Letica