*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 24, 2021

Plaintiff-Appellee,

v

No. 343800
Ingham Circuit Court
LC No. 16-000986-FC

ROBERT JERRY MILES,

Defendant-Appellant.

ON REMAND

Before: MURRAY, C.J., and FORT HOOD and SHAPIRO, JJ.

PER CURIAM.

## I. BACKGROUND

Following a jury trial, defendant was convicted of delivery of a controlled substance less than 50 grams, MCL 333.7401(2)(a)(*iv*).[1] The trial court sentenced defendant, as a fourth habitual offender, MCL 769.12, to 5 to 40 years' imprisonment.[2] Defendant appealed as of right, and we affirmed. *People v Miles*, unpublished per curiam opinion of the Court of Appeals, issued September 10, 2019 (Dkt No. 343800).

Defendant thereafter filed an application for leave to appeal to the Michigan Supreme Court. On December 23, 2020, the Supreme Court vacated the portions of this Court's opinion addressing the scoring of OV 3 and OV 12 and the trial court's assessment of court costs, and remanded this case to be held in abeyance pending this Court's decision in *People v Lewis* (Docket No. 350287), and for reconsideration in light of *Lewis* and *People v Beck*, 504 Mich 605; 939

---

[1] Defendant was acquitted of delivery of a controlled substance causing death, MCL 750.317a.

[2] On January 8, 2018, pursuant to a plea agreement, defendant was sentenced in federal court to 87 months' imprisonment for possession of heroin with intent to distribute, 21 USC 841(a)(1), and felon in possession of a firearm, 18 USC 922(g)(1). The trial court's sentence was consecutive to defendant's federal term of imprisonment.

NW2d 213 (2019), cert den sub nom *Michigan v Beck*, ___ US ___; 140 S Ct 1243; 206 L Ed 2d 240 (2020). The Court denied leave to appeal in all other respects. *People v Miles*, 506 Mich 1029; ___ NW2d ___ (2020) (Docket No. 160494). On May 13, 2021, this Court issued an unpublished per curiam opinion in *Lewis*. *People v Lewis*, unpublished per curiam opinion of the Court of Appeals, issued May 13, 2021 (Docket No. 350287).

## II. ISSUES ON REMAND

On remand, we must decide (1) whether the trial court properly scored OV 3 and OV 12 in light of *Beck*, and (2) whether the trial court's assessment of court costs was proper in light of *Lewis*.

## A. OV 3 AND 12 IN LIGHT OF *BECK*

In *Beck*, 504 Mich at 610, the defendant was convicted of felon in possession of a firearm and carrying a firearm during the commission of a felony (felony-firearm), but was acquitted of open murder, carrying a firearm with unlawful intent, and two additional counts of felony-firearm. In sentencing the defendant, the trial court based its sentence, in part, on its finding by a preponderance of the evidence that the defendant committed the murder of which the jury acquitted him. *Id*. at 611-612. The Supreme Court held that "due process bars sentencing courts from finding by a preponderance of the evidence that a defendant engaged in conduct of which he was acquitted." *Id*. at 629. Accordingly, the Court vacated the defendant's sentence and remanded for resentencing. *Id*. at 630.

Here, the trial court scored OV 3 at 100 points on the basis of its finding that there was sufficient evidence to establish that Mosher's death resulted from defendant's delivery of heroin, despite the jury's acquittal of that offense. *Miles*, unpub op at 5. OV 3 is "physical injury to a victim." MCL 777.33(1). Under MCL 777.33(2)(b), 100 points are assessed "if death results from the commission of a crime and homicide is not the sentencing offense." Although in our prior opinion we concluded that the trial court properly found, by a preponderance of the evidence, that Mosher's death resulted from defendant's delivery of heroin, *id*. at 9, in light of *Beck* the trial court erred by relying on acquitted conduct in scoring OV 3. Because the jury acquitted defendant of the delivery causing death charge, due process barred the trial court from finding by a preponderance of the evidence that defendant caused the victim's death. *Beck*, 504 Mich at 629. This scoring error affected defendant's minimum sentence guidelines range.[3] Therefore, defendant is entitled to resentencing.

The trial court also scored OV 12 at five points, which is scored for "contemporaneous felonious criminal acts." MCL 777.42(1). Under MCL 777.42(1), five points are assessed if "[o]ne contemporaneous felonious criminal act involving a crime against a person was committed," or if "[t]wo contemporaneous criminal acts involving other crimes were committed." MCL 777.42(1)(d), (e). In our prior opinion we did not address the scoring of OV 12 because any error would not have affected defendant's minimum sentence guidelines range. *Miles*, unpub op

---

[3] Defendant's total OV score of 110 placed him at OV Level VI on the Class D grid. A reduction of 100 points would place defendant at OV Level II. See MCL 777.65.

a 9-10.  However, we did note that the facts did not support a finding that defendant committed a contemporaneous felonious act under *People v Light*, 290 Mich App 717; 803 NW2d 720 (2010). *Miles*, unpub op at 9 n 10.

The scoring of OV 12 was also erroneous under *Beck*.  Although the trial court did not expressly address the scoring of OV 12 at sentencing, it appears that the trial court scored OV 12 on the basis of its finding that defendant caused Mosher's death.  There were no other acts committed by defendant that could have supported the trial court's finding.  Again, the jury acquitted defendant of causing Mosher's death.  Because the trial court was not permitted to consider defendant's acquitted conduct under *Beck*, OV 12 was also erroneously scored.[4]

## B.  COURTS COSTS UNDER *LEWIS*

The defendant in *Lewis*, unpub op at 1, argued that MCL 769.1k(1)(b)(*iii*), which allows trial courts to impose court costs on convicted defendants, is unconstitutional because it violates due process and the separation of powers.  This Court rejected both arguments because it was bound by *People v Johnson*, ___ Mich App ___; ___ NW2d ___ (2021) (Docket No. 351308), which the panel found persuasive.  *Lewis*, unpub op at 4-8.[5]

In *Johnson*, ___ Mich App at ___; slip op at 1, the defendant raised a facial challenge to MCL 769.1k(1)(b)(*iii*), claiming that it deprives criminal defendants of their due-process right to an impartial decisionmaker and violates separation-of-powers principles.  This Court held that MCL 769.1k(1)(b)(*iii*) is not facially unconstitutional.  *Id*.[6]  As the *Lewis* Court explained:

> [T]he *Johnson* panel addressed the question of "whether the financial interests of a trial court might raise due-process concerns."  *Id*.  In particular, the panel considered *Tumey v Ohio*, 273 US 510; 47 S Ct 437; 71 L Ed 749 (1927); *Dugan v Ohio*, 277 US 61, 65; 48 S Ct 439; 72 L Ed 784 (1928); and *Ward v Village of Monroeville, Ohio*, 409 US 57; 93 S Ct 80; 34 L Ed 2d 267 (1972), before concluding that the facts of the case closely resembled those in *Dugan*, 277 US at 65, where the defendant's due-process rights were not violated because while "the entity exercising the judicial role benefited from a portion of the revenue generated by court assessments," the entity "did not have control over administration of the revenue."  *Johnson*, ___ Mich App at ___; slip op at 4-7.  Although MCL 769.1k(1)(b)(*iii*) generates revenue for trial courts, " 'these provisions do not indicate where the money flows after the costs have been imposed on and paid by a convicted defendant.' "  *Johnson*, ___ Mich App at ___; slip op at 7, quoting *People v Alexander*, unpublished per curiam opinion of the Court of Appeals,

---

[4] The reduction of another five points would place defendant at OV Level I.  MCL 777.65.

[5] Like *Lewis* and *Johnson*, this case involves the version of MCL 769.1k that was in effect before the amendment on September 17, 2020.  See 202 PA 151.  The relevant language of the statute has not changed.

[6] Judge SHAPIRO dissented, concluding that MCL 769.1k(1)(b)(*iii*) is unconstitutional.  *Johnson*, __ Mich App at __.

issued May 14, 2020 (Docket No. 348593), lv pending, p 14. "Indeed, Michigan's Constitution provides that '[n]o judge or justice of any court of this state shall be paid from the fees of his office nor shall the amount of his salary be measured by fees, other moneys received or the amount of judicial activity of his office.' " *Johnson*, ___ Mich App at ___; slip op at 7, quoting Const 1963, art 6, § 17 (internal quotation marks omitted; alteration in original). [*Lewis*, unpub op at 4-5.]

In *Lewis*, this Court concluded that the defendant, like the defendant in *Johnson*, failed to show " 'that the nexus between the courts and the costs they impose' under MCL 769.1k(1)(b)(*iii*) undermines a defendant's right to appear before a neutral judge." *Lewis*, unpub op at 5. This Court further stated:

> The *Johnson* Court adequately explained why defendant's argument cannot succeed under guiding Supreme Court precedent, as the circumstances at issue in *Tumey* and *Ward*, both of which dealt with Ohio's "mayor's courts," are vastly different from a courts [sic] imposition of fees under MCL 769.1k(1)(b)(*iii*), and are more similar to *Dugan*. Other courts have come to the same conclusion under similar circumstances. See, e.g., *Commonwealth of North Mariana Islands v Kaipat*, 94 F3d 574, 580-582 (CA 9, 1996). [*Lewis*, unpub op at 5.]

The *Lewis* Court also concluded that the defendant and his amici supporters "fail to recognize the long-held and important presumption that judges are impartial and sufficiently independent to follow in every case the oath each has taken to uphold the laws of this state and nation." *Lewis*, unpub op at 6. This Court noted that, if a remedy was needed, it must come from the Legislature. *Id*. at 7. This Court similarly rejected the defendant's separation-of-powers argument because, like the defendant in *Johnson*, the defendant in *Lewis* failed to "establish that the Legislature has made it impossible for trial courts to fulfill their constitutional mandates or that MCL 769.1k(1)(b)(*iii*) is facially unconstitutional." *Id*. at 7, quoting *Johnson*, ___ Mich App at ___; slip op at 9.

In our prior opinion we concluded that the trial court's assessment of $500 in court costs had a sufficient factual basis under *People v Cameron*, 319 Mich App 215; 900 NW2d 658 (2017), in which this Court concluded that costs imposed under MCL 769.1k(1)(b)(*iii*) constitute a tax, but the statute does not violate our Constitution's Distinct Statement Clause, Const 1963, art 4, § 32, or separation of powers provision, Const 1963, art 3, § 2. *Miles*, unpub op at 10. Like the *Lewis* Court, this panel is bound by this Court's decision in *Johnson*. MCR 7.215(J)(1). Under both *Johnson* and *Lewis*, MCL 769.1k(1)(b)(*iii*) is not facially unconstitutional. Therefore, there was no error in the trial court's imposition of court costs.

Defendant's conviction is affirmed, but the matter is remanded for resentencing. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Karen M. Fort Hood